LAWRENCE DEGAN AND MARY DEGAN v. J. F. TUFTS, *as Trustee for the City of Atchison*, THE CITY OF ATCHISON, AND LIZZIE LEE.

**No. 523.**

BURDEN OF PROOF—*Opening and Closing of Argument.*  Where the burden of proof is imposed on the defendant in all the material issues in a case, it is reversible error not to permit him to open and close the argument to the jury.

Error from Atchison district court; W. D. WEBB, judge. Opinion filed April 26, 1899.  Reversed.

*A. F. Martin,* for plaintiffs in error.

*Clifton B. Holbert,* for defendants in error.

The opinion of the court was delivered by

WELLS, J. :  This action was brought in the district court of Atchison county to foreclose an equitable mortgage on real estate, consisting of deeds executed by the defendants to the plaintiffs, and a defeasance executed by the plaintiffs to the defendants.   The first error alleged is in overruling a demurrer to the petition.   The petition alleges the indebtedness, the execution of the deeds to secure the same, the execution, delivery and acceptance of the defeasance, and the default in the performance of the conditions thereof. The demurrer was properly overruled.

The next error alleged is in refusing a continuance. The application was made on the ground that Mrs. Degan was a material witness, but no attempt was made to comply with the provisions of the statute in such cases.   The motion appealed entirely to the discretion of the court and we cannot see that the court abused its discretion.

The next allegation of error is in overruling the de-

fendants' demurrer to the evidence of plaintiffs. The evidence sustained the allegations of the petition and the demurrer thereto was properly overruled.

The next allegation of error is in refusing instructions asked by the defendants. Our attention is not called to any specific question of law embodied in these instructions that was relevant to the issues in the case that was not given by the court, and we have not found any such.

Complaint is also made of instructions 5, 6, and 8, as given by the court. Did the court assume in these instructions as a fact any disputed matter? In No. 5 it is said:

"From the undisputed evidence, it would seem that Henry C. Solomon was the attorney of said Lawrence Degan in consideration of the matter in dispute between the city of Atchison and said Lawrence Degan; and it would seem also from the testimony that the alleged contract of which exhibit 'C' is a copy had been prepared by said Henry C. Solomon in settlement of the claim made by the city of Atchison against said Lawrence Degan, and that the said Henry C. Solomon, as attorney for said Lawrence Degan, after having agreed to the amount due to the city of Atchison from the said Lawrence Degan, went before the city council of the city of Atchison and solicited said council to accept said contract for the purpose of protecting the said Lawrence Degan in the right to redeem the land he had deeded to the city on or before the 5th day of March, 1895, by paying into the city treasury of the said city the sum of $1285.29, with six per cent. interest thereon from March 5, 1894, in which case the said J. F. Tufts, trustee, or his successor, should convey the property described in the two deeds, copies of which are attached to plaintiff's petition, to the said Lawrence Degan or any person designated by him."

This, and the assumption in the sixth instruction that J. F. Tufts was authorized to act for the city, are

the only facts assumed in said instruction, and we think they were justified by the evidence ; at least our attention has not been called to any conflict of evidence in relation thereto.

In the eighth instruction the burden of proving the lack of indebtedness and affirmative answers to special questions 1, 2, 3 and 4 was placed on the defendants. From the record, the court undoubtedly assumed that the deeds and defeasance constituted one completed contract, and that the execution of the deed by the defendants and the preparation of the defeasance and procuring it to be accepted by the city, by the defendants' attorney and agent, was *prima facie* evidence of the indebtedness alleged therein.

The next error alleged is in refusing the defendants the right to open and close the argument. The court held that the burden of the only material issues in the case was on the defendants and they should have been allowed to open and close the argument. This is the only material error we find in the case, but the right to open and close the argument to the jury is a valuable right and should not be denied to the party who has the burden of the main issues in the case.

The judgment of the district court will be reversed and a new trial directed.